UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-08574-SSC Date: October 5, 2026

Title Breanna Kuimi v. CareHarmony, Inc., et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order DENYING Plaintiff's Motion for Remand (ECF 12)**

## I

In state court, Plaintiff Breanna Kuimi filed an employment-discrimination and wrongful-termination action against Defendant CareHarmony, Inc. (ECF 1-5 at 6–34.) Defendant removed the matter to federal court and Plaintiff now moves for remand based on procedural defects in the removal. (ECF 1; ECF 12.) The motion is fully briefed. (ECF 12; ECF 14; ECF 15; ECF 17.) The Court finds the matter suitable for determination without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. Finding no procedural defects warranting remand, the Court DENIES the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08574-SSC Date: October 5, 2026

Title Breanna Kuimi v. CareHarmony, Inc., et al.

**II**

A defendant is required to file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). This statutory time limit is mandatory and a timely objection by a plaintiff will defeat removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam). "However, that 30-day removal clock only starts ticking once the defendant has been served." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 961 n.15 (9th Cir. 2024).

**III**

The parties debate the service date and thus when the 30-day clock began to run. In this case, the parties agree that service was pursuant to section 415.40 of the California Code of Civil Procedure. (ECF 12 at 9; ECF 15 at 6.) Under such, "[s]ervice of a summons . . . is deemed complete on the 10th day after such mailing." Cal. Civ. P. Code § 415.40.

Plaintiff first attempted service by mailing the summons on May 20, 2026, and service would have been complete 10 days later, on May 30, 2026. (ECF 12 at 13.) Plaintiff argues that the 30-day clock started on May 30, 2026. (*Id.* at 9.) But Defendant did not receive this first mailing and thus service was not complete. That is because section 417.20 states that service under section 415.40 requires proof of actual delivery to the person to be served by a signed return receipt or other evidence, and thus if the first mailing is returned unclaimed or undelivered, service was not complete. *See* Cal. Civ. P. Code § 417.20(a). The California Court of Appeal made clear in *Stamps v. Superior Court*, that a return receipt bearing notice that the mailing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08574-SSC Date: October 5, 2026

Title Breanna Kuimi v. CareHarmony, Inc., et al.

was "unclaimed" is insufficient proof under section 417.20 of service under section 415.40. 14 Cal. App. 3d 108, 110 (1971) (no service where process was sent by airmail, return receipt requested, but the return receipt was returned bearing the notice "unclaimed"); *see also Neadeau v. Foster*, 129 Cal. App. 3d 234, 237–38 (1982) (confirming "that there must be strict compliance with the requisite statutory procedures" for service to be effective).

Here, Plaintiff's own evidence shows that, like in *Stamps*, the first mailing went unclaimed and thus the May mailing is not operative. (ECF 12 at 13 ("Defendant failed and refused to 'claim' the certified mail, which sat in the Nashville Distribution Center from May 23, 2026 until it was returned on June 24, 2026.").)

Plaintiff mailed a second summons on June 22, 2026, resulting in a signed returned receipt on June 25, 2026. (*Id.* at 13, 18–21.) With a return receipt sufficient to satisfy section 417.20(a), service was deemed complete under section 415.40, 10 days from the June 22nd mailing date, on Thursday, July 2, 2026. Under the federal removal statute, Defendant was required to remove 30 days from that date. Because the 30th day was a Saturday (August 1, 2026), under Rule 6(a), the deadline rolled to Monday, August 3, 3026. Fed. R. Civ. P. 6(a)(1)(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Because Defendant filed the notice of removal on that day, it was timely filed.

Tellingly, Plaintiff's counsel impliedly recognized the July 2, 2026 service date in an email exchange with opposing counsel, while agreeing to extend the deadline to file a responsive pleading. (ECF 12 at 24.) In California state court, the general rule is that a defendant must file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08574-SSC Date: October 5, 2026

Title Breanna Kuimi v. CareHarmony, Inc., et al.

responsive pleading 30 days after service of the summons and complaint. Cal. Civ. P. Code § 412.20(a)(3). When asked for an extension, Plaintiff's counsel responded: "The responsive pleading is due today, August 3, 2026, so a two week extension would make it due August 17, 2026." (ECF 12 at 24.) Though this was in the context of the responsive pleading and not a notice of removal, the deadlines for both were 30 days from service and thus in recognizing that the responsive pleading was due on August 3, 2026, counsel also recognized that service was deemed complete on July 2, 2006, as calculated above.

To defeat removal, Plaintiff now attempts to treat the two separate mailings as one event, claiming that because the two service packages went to the same address and had the same contents, service was deemed complete on May 30, 2026, that is 10 days after the *first* mailing when the return receipt for the *second* mailing was signed. (*Id.* at 9 ("Once Defendant signed for the Certified Mail on June 25, 2026, service was effective via this method, and was deemed complete on the 10th day after the mailing, which would have been May 30, 2026.").) Plaintiff provides no support for this interpretation and, as it ignores section 417.20(a) and the case law cited above, the Court is not persuaded.

Plaintiff's alternative argument—that service was deemed complete on the day the second return receipt was signed (June 25, 2026)—is similarly unsupported and unpersuasive. (*Id.* at 10.) The plain language of section 415.40 anchors the completion of service to the date of mailing (plus 10 days), not to the date a signed return receipt is signed or returned. *See Johnson & Johnson v. Super. Ct.*, 38 Cal. 3d 243, 250 (1985) (the statutory language "deemed complete on the 10th day after . . . mailing" makes service effective on the date of mailing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08574-SSC Date: October 5, 2026

Title Breanna Kuimi v. CareHarmony, Inc., et al.

while permitting a ten-day grace period before the time for the defendant to answer begins to run).

The Court finds that Defendant timely removed this action to federal court and thus remand is not appropriate on this basis.

**IV**

Plaintiff also notes that Defendant failed to file a copy of the notice of removal in the state action until eight days after the federal filing. (ECF 12 at 11.) Defendant acknowledges the eight-day delay in notifying the state court. (ECF 15 at 11.)

Section 1446(d) requires a removing defendant to file a copy of the notice of removal with the state court "promptly." 28 U.S.C. § 1446(d). The statue does not define "promptly" and sets no specific number of days within which the state court must be notified. Courts, however, have determined that "'promptly' does not mean simultaneously[,]" and "[s]hort delays in filing the notice of removal with the state court do not necessarily warrant remand." *Delgado v. Bank of Am.*, No. 1:09cv01638 AWI DLB, 2009 WL 4163525 at *8 (E.D. Cal. Nov. 23, 2009).

Delays of as many as 56 days—far more than the eight here—have been permitted as prompt notice. *Id.; see also Shanks v. N. Cal. Cement Masons Joint Apprenticeship Training Comm.*, No. C–93–0609 MHP, 1993 WL 150273 at *3 (N.D. Cal. Apr. 29, 1993) (no remand after a nearly two-month delay); *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (22-day delay between removal and filing notice in state court found "reasonably prompt"); *Campbell v. PPL Mont., LLC*, No. CV 10-23-BLG-RFC-CSO, 2010 WL 2718998, at *3–4 (D. Mont. June 8, 2010) (twelve-day delay within the 30-day removal period did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08574-SSC Date: October 5, 2026

Title Breanna Kuimi v. CareHarmony, Inc., et al.

not warrant remand), *report and recommendation adopted*, 2010 WL 2735665 (D. Mont. July 7, 2010).

Plaintiff seems to recognize that the delay alone is insufficient to warrant remand as she attempts to couple it with other errors, such as the late-filed answer, to argue that the sum warrants remand. (ECF 12 at 11.) The Court has already relieved Defendant of entry of default based on the late answer, and the Court does not find Plaintiff's cumulative-error theory persuasive and does not remand on this basis.

***

In sum, because the Court finds that Defendant timely removed this action to federal Court and that there is no basis for remand, Plaintiff's motion for remand is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer **ts**